IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tequan Lateek Brown, ) | C/A No. 0:14-1300-TMC-PJG |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Colleton County Sheriff's Office; Colleton County Jail; Lesley Jamison; Nyle Eltzroth; Fourteenth Circuit Solicitor's Office; Tameaka Legette; Colleton County Solicitor's Office, ) | |
| Defendants. ) | |

The plaintiff, Tequan Lateek Brown ("Plaintiff"), a self-represented pretrial detainee, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff is a detainee at the Colleton County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed as to the following defendants: Colleton County Jail; Fourteenth Circuit Solicitor's Office; Colleton County Solicitor's Office; and Tameaka Legette.[1]

## I.     Factual and Procedural Background

Plaintiff alleges that Solicitor Tameaka Legette talked to other named defendants "about having [Plaintiff] moved to Jasper County Jail" in November of 2013. (ECF No. 1 at 3.) Plaintiff claims that he was subsequently moved to Jasper County so that he could not contact witnesses and to "make a better case for the Solicitor." (Id.) Plaintiff indicates that he returned to the Colleton

---

[1] A separately docketed order authorizes the issuance and service of process on the remaining defendants.



County Detention Center in March of 2014; however, officers allegedly informed Plaintiff that Defendant Legette wanted him "out of the County so that it would be a hardship on my case." (Id. at 4.) Thus, Plaintiff asserts that he is being deprived of his right to a fair trial. (Id.) Plaintiff seeks monetary damages and injunctive relief. (Id. at 5.)

**II.    Discussion**

   **A.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).



This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the



alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The Complaint's claims against the Colleton County Jail, Fourteenth Circuit Solicitor's Office, Colleton County Solicitor's Office, and Tameaka Legette should be summarily dismissed because these defendants are not amenable to suit under § 1983.

It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978). Courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. See Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); see also Davis v. Hampton Cnty. Solicitor Office, C/A No. 9:13-1930-DCN, 2013 WL 5140732, at *3 (D.S.C. Sept. 12, 2013) (holding that a solicitor's office "does not qualify as a 'person' "). In this case, Plaintiff names the Colleton County Jail, which is a facility primarily used to house pretrial detainees. Plaintiff also sues the Fourteenth Circuit Solicitor's Office and Colleton County Solicitor's Office, which are offices or locations where a collective group of individuals are employed. As these defendants are not amenable to suit under § 1983, the Colleton County Jail, Fourteenth Circuit Solicitor's Office, and Colleton County Solicitor's Office are entitled to summary dismissal from this case.

Next, Plaintiff alleges that Solicitor Tameaka Legette has denied Plaintiff's right to a fair trial. However, prosecutors have absolute immunity for activities in or connected with judicial

proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings.  See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000).  Thus, Plaintiff's claims associated with the prosecution of his state criminal charges by Defendant Legette are barred from suit under § 1983.[2]  See Evans v. Allbrooks, No. 89-7061, 1989 WL 100776, at *1 (4th Cir. Aug. 28, 1989) (finding district court properly dismissed complaint against prosecutor as frivolous based on prosecutorial immunity).

### III.     Conclusion

For the foregoing reasons, it is recommended that the Complaint be summarily dismissed without prejudice and without issuance and service of process as to the following defendants: Colleton County Jail; Fourteenth Circuit Solicitor's Office; Tameaka Legette; and Colleton County Solicitor's Office.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 3, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."*

---

[2] To the extent the Fourteenth Circuit Solicitor's Office and Colleton County Solicitor's Office may be deemed "persons" amenable to suit under § 1983, Plaintiff's claims against them would likewise be barred by prosecutorial immunity.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).